UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| de'CARLOS FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14 CV 1987 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS COMMISSIONER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

de'Carlos Freeman filed this complaint while he was a prisoner at the Westville Correctional Facility. Therefore, pursuant to 28 U.S.C. § 1915A, the court must review the merits of this complaint. Freeman is proceeding *pro se* and "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Freeman alleges that September 4, 2013, he was working with a group of inmates at the Indiana Dunes State Park under the supervision of employees of the Indiana Department of Natural Resources. He alleges that at approximately 11 a.m., Internal Affairs Officer C. McKinney, an employee of the Indiana Department of Corrections drove up to his work area and strip searched him. He also alleges that Sgt. M. Rizner strip searched him a second time after the work area was searched. Though Freeman argues that the searches were unjustified, the Fourth Amendment does not apply because a "prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security [because] that loss of freedom of choice and privacy are inherent incidents of confinement." *Hudson v. Palmer*, 468 U.S. 517, 527 (1983) (citations, quotation marks, and brackets omitted). Though Freeman argues that he was not told that he and the work area could be searched when he signed up to work at the park, "[g]uards take control of where and how prisoners live; they do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life." *Johnson v. Phelan*, 69 F.3d 144,

2

146 (7th Cir. 1995). Thus no notice or signs were required to alert Freeman to the possibility that he and the work area would be watched and searched by a prison guard. Freeman argues that the Department of Natural Resources employees should have stopped the search, but they did not have custody and control of Freeman, they merely supervised his work in the park.

Nevertheless, the search of a prisoner can violate the Eighth Amendment if it is intended to humiliate the victim "whether or not the 'force' exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). Given the allegation that Freeman was strip searched in a park in plain view of anyone who might have been visiting, it is reasonable to infer that he is alleging that he was required to remove his underwear and expose his genitals in an open area exposing himself to the general public. This states a claim against Internal Affairs Officer C. McKinney and Sgt. M. Rizner for violating his Eighth Amendment rights by strip searching him in public for the purpose of humiliating him.

Freeman also alleges that Sgt. M. Rizner strip searched another inmate as well. To the extent that search might also violate the Eighth Amendment, such a claim would have to be raised by that other inmate. Freeman can represent himself, but he cannot represent others. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); and *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995).

As a result of the searches, disciplinary charges were brought against Freeman alleging that tobacco was found in his boot.[1] Though the code number of the charge was changed several times during his administrative hearing and appeal process, the factual basis of the charge remained that he had tobacco in his boot. Freeman was found guilty and the finding of guilt was affirmed on appeal. Though he was originally sanctioned with the loss of earned credit time, on appeal all of his time was restored. Freeman alleges that the charges against him were vengeful and malicious, but "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). However, because Freeman did not ultimately lose any earned credit time, he was not entitled to due process which is only required when the punishment imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Freeman states that he lost his job, but a prisoner does not have a liberty or property interest in a prison job, and thus deprivation of that job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000).

He states that he was removed from work release, but there is no constitutional liberty or property interest in participation in a work release program. *See Joihner v. McEvers*, 898 F.2d 569 (7th Cir. 1990). He states that he was moved from WCA to WCC,

---

[1] Merely removing his boots would not be a "strip search" and would not constitute an 8th Amendment violation even if done in public in the park.

but even transferring a prisoner from the general population to a segregation unit does not present an "atypical, significant deprivation" and is "within the expected parameters of the sentence imposed by a court of law." *Sandin* 515 U.S. at 485. He states that his classification level was changed, but "prisoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).

Freeman alleges that various defendants violated numerous prison policies, but even if true, that is not a basis for a federal claim under 42 U.S.C. § 1983. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.") (citation omitted); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

Freeman alleges that he complained about the disciplinary proceeding and his classification to many prison officials who did not respond to him. This does not state a claim. *See We the People Found., Inc. v. United States*, 485 F.3d 140, 143 (D.C. Cir. 2007) ("Plaintiffs contend that they have a right under the First Amendment to receive a government response to or official consideration of a petition for a redress of grievances. We disagree."); *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003) ("[T]he First Amendment right to petition the government for a redress of grievances

5

protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.").

Freeman alleges that United States Mail was tampered with, but he does not say what mail, when, how, or who was involved. "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Here, Freeman has not even done that much and the mere assertion that legal mail was tampered with is simply too vague to plausibly state a claim.

He alleges that he was denied access to the law library. However, there is no "abstract free-standing right" to the law library or legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, "only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (citation omitted). Here, Freeman has not made any such allegations and the mere claim that he was denied access to the law library is insufficient to plausibly state a claim.

For the foregoing reasons, the court:

(1) **GRANTS** de'Carlos Freeman leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Internal Affairs Officer C. McKinney and Sgt. M. Rizner for requiring him to remove his underwear and expose his genitals to the general public at the Dunes Park on September 4, 2013, for the purpose of humiliating him;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Internal Affairs Officer C. McKinney and Sgt. M. Rizner to the United States Marshals Service along with a copy of the complaint and this order;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Internal Affairs Officer C. McKinney and Sgt. M. Rizner; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Internal Affairs Officer C. McKinney and Sgt. M. Rizner respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: May 18, 2015

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT