UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| de'CARLOS FREEMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14 CV 1987 |
| vs. | ) | |
| | ) | |
| M. RISNER and C. McKINNEY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

de'Carlos Freeman, a *pro se* prisoner, is suing Internal Affairs Officer C. McKinney and Sgt. M. Risner for strip searching him in violation of the Eighth Amendment. Defendants move for summary judgment (DE # 57) on the ground that Freeman failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The parties dispute neither the existence nor terms of the grievance procedure. What is at issue here is whether the process became unavailable when Freeman's grievance was rejected.

Freeman argues that he submitted a grievance (DE # 64-1) on December 15, 2013, which was rejected because it was related to the "Disciplinary Appeal Process." That

1

grievance is stamped "Grievance Office JAN 22 2014" and was signed by a prison official the same day. *Id.* Defendants argue that the grievance was untimely and improperly raised multiple issues. Pursuant to the grievance policy, it *could* have been rejected for either or both of those reasons. However, defendants have not produced any evidence showing that it *was* rejected for any reason other than being non-grievable because it was related to the disciplinary appeal process. In the absence of any evidence to the contrary, it is an undisputed fact that the grievance *was* rejected as attempting to grieve a non-grievable event.

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* This grievance was rejected as not grievable and Freeman was entitled to rely on that contemporaneous determination. Defendants have not cited to any authority demonstrating that alternative, after-the-fact reasons for rejecting a grievance are a basis for finding that a prisoner did not properly exhaust his administrative remedies.

Defendants also argue that the grievance *might* have been altered. However they have not presented any evidence in support of this argument. They have not produced a copy of the grievance they claim was actually stamped and signed on January 22,

2

2014. Neither have they produced a declaration by the grievance officer saying that the grievance did not originally contain any reference to being strip searched. The only basis for this argument is the fact that part of the grievance is printed and the rest is written in cursive. Though true, that alone is insufficient to create a genuine issue of disputed fact because "inferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Even if switching to cursive were proof (which it is not) that the grievance was not entirely written at one time, this still provides no evidence that the strip search references were added after the grievance was returned.

Where there are disputed facts about whether a prisoner properly exhausted his administrative remedies, the court can hold a hearing to resolve those disputes. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). However that is not the case here. The undisputed evidence shows that Freeman filed a grievance related to the strip search which was rejected as not grievable. As such, he exhausted all of the administrative remedies that were available to him. Therefore this summary judgment motion must be denied so that the case can proceed with discovery related to the merits.

As a part of that discovery process, the parties need to clarify precisely what they mean when they use the words "strip search." When the court screened this case, it understood a "strip search" to mean that Freeman was forced to remove his underwear and expose his genitals in public at the Indiana Dunes State Park. (*See* DE # 16 at 3.) However, because the Defendants allegedly found contraband only in Freeman's boot,

it is possible that the words "strip search" are mistakenly being used by either or both parties to mean that Freeman was forced to remove his boots. That would not properly be called a "strip search;" it would not violate the Eighth Amendment; it would not state a claim. As this case proceeds, the parties need to clarify in discovery precisely what events they believe constitute the "strip search" which allegedly occurred in this case.

Finally, Freeman's response was erroneously titled "Plaintiff's Motion to Deny Defendants Summary Judgment." (DE # 62.) It was improper to title that filing a motion. It was merely a response to defendants' motion. Therefore, even though defendants' motion for summary judgment will be denied, Freeman's erroneously titled "motion" will also be denied.

For these reasons, the court **DENIES** defendants' motion for summary judgment (DE # 57) and plaintiff's motion to deny the motion for summary judgment (DE # 62).

**SO ORDERED**.

Dated: February 16, 2017

s/ James T. Moody
JAMES T. MOODY, JUDGE
UNITED STATES DISTRICT COURT