UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| de'CARLOS FREEMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:14-CV-1987 JD |
| | ) | |
| M. RIZNER, | ) | |
| C. MCKINNEY, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

de'Carlos Freeman, a prisoner without a lawyer, is suing Sergeant M. Rizner and Internal Affairs Officer C. McKinney in their individual capacity for monetary damages. He is proceeding on a claim that Rizner and McKinney violated his Eighth Amendment rights by requiring him to remove his underwear and expose his genitals to the general public at the Dunes Park on September 4, 2013, for the purpose of humiliating him. Freeman filed a summary judgment motion arguing that the undisputed material facts entitle him to judgment as a matter of law. Defendants did not file a summary judgment motion, and the deadline to do so has past.

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Freeman has not done so.

In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable fact finder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

A prisoner may prevail on an Eighth Amendment claim if he can demonstrate that a search was performed with the intention of harassing or humiliating him. *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015)(noting that strip searches can violate the Eighth Amendment if they are motivated by a desire to harass and humiliate rather than by a legitimate justification); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)(noting that a strip search "conducted in a harassing manner intended to humiliate and inflict psychological pain" violates the Eighth Amendment).

In support of his summary judgment motion, Freeman does not cite to any evidence. He relies only on a status report filed by Risner and McKinney on March 13, 2017. (ECF 79.) The status report that Freeman relies upon reads, in relevant part, as follows:

> The offenders were required to remove their boots. Some of the offenders might have been asked to remove the top part of their jumpsuits, revealing a white t-shirt from approximately the belly button up. But, no offender was asked to remove the bottom part of his jumpsuit. The offenders were also frisked. This might have included offenders being asked to "flip" the waistband of the boxers over so that an officer could see if there was anything tied to it or hidden and/or an officer might have felt the elastic waistband of the jumpsuit to see if anything had been concealed within it. At no time were any offenders required to be fully exposed (i.e. naked) or display their genitals to anyone during the search procedure.

(ECF 79.) Much of the status report is corroborated by the interrogatories propounded by the plaintiff and responded to by the defendants. (ECF 95 and 96). Viewed in the light most favorable to the nonmoving parties, the reasonable factfinder would have no difficulty finding for the nonmovants. Because the status report and answers to interrogatories deny that any inmate was required to expose his genitals in public, there is a genuine dispute of fact that precludes summary judgment. Freeman's motion for summary judgment (ECF 104) is **DENIED.**

SO ORDERED.

ENTERED: December 19, 2017

/s/ JON E. DEGUILO
Judge
United States District Judge